DORÉ, Judge.
These .two suits arise out of a collision between a Buick automobile belonging to Allen R. Wood and being operated at the time of the accident by his employee, Robert McCullom, in the course of his employment, and a 1947 Ford automobile belonging to Charles Flowers and being in charge, at the time of said accident, of his wife, Mrs., Artie T. Flowers. The collision occurred on or about April 20, 1.949, on State Highway 51, near Manchac, Tangi-pahoa Parish, Louisiana, on a clear afternoon at a point approximately one quarter mile South of the Manchac Bridge. At the time of the collision the Flowers automobile was parked on the west side of the highway facing North and in the inside of the parked automobile were Mrs. Artie T. Flowers and Mrs. Patricia Watts. The Wood automobile being -driven by Robert McCullom; in a southerly direction, struck the parked Flowers automobile on .its right side with its right, causing.damage to the Flowers automobile and alleged personal injuries to Mrs. Flowers and Mrs. Watts, the occupants thereof.
In one suit Frederic L.-Watts sues the driver of the Wood automobile and Mr. Wood, the owner, and Zurich General Accident and Liability Insurance Company; insurer of Mr. Wood, for medical expenses incurred by him resulting from personal injury to Mrs. Watts and also for loss of income to the community caused by injury to Mrs. Watts. Mrs. Patricia Wafts sues tbe same defendants for her alleged personal injuries.
In the other suit Charles Flowers sues the same defendants for damages to his automobile and for the medical expenses incurred by him as a result of the injuries sustained by his wife and for loss of wages by his wife occasioned by injuries sustained by her. Mrs. Flowers sues the same defendants for her alleged personal injuries. :
, Both suits are based on the allegation that the accident wus caused by the sole negligence of defendant, Robert McCul-lom, while operating the Wood car and particularly in operating the said vehicle at an excessive speed, in not having the Wood car under proper control, in not, keeping a proper lookout, and in failing to see the Flowers car in time to take the necessary precautions to avoid hitting the same.
The defense in each suit is to: the effect that the accident was caused solely and entirely by the negligence of Mrs. Artie T. Flowers in .parking-the Flowers automobile on the side of the road ■ facing oncoming traffic and partly on the paved slab. The defendant alleges that just prior to the collision McCullom had been, driving at a speed of between forty and forty-five ■ miles per hour which was reduced to between twenty-five and thirty miles per hour, as he came upon a bend in the road approaching the South Pass Manchac Bridge; that upon reaching this bend he observed the Flowers automobile parked facing oncoming traffic- and at the sam.e time also observed a large transport truck approaching in the ‘opposite direction just coming over the bridge; that the big transport truck approaching in the opposite direction was hugging the black division line of the highway and that, McCullom seeing that he would meet the transport truck just abreast of the parked Flowers automobile, applied his.brakes but, because the road' was. wet, his Buick car skidded stinking the parked Ford at a slight angle on. the right front.
In the alternative, if any negligence should be found on the part of McCullom it is specially pleaded that plaintiff, Mrs: Artie T. Flowers was guilty of negligence proximately contributing to the accident, in parking her automobile as she did, and that this contributory negligence can - be attributed to the other plaintiffs also for the *498 reason that the parking was done with their consent, and that such contributory negligence bars any recovery.
On trial of the case the trial court, without assigning any written reasons, rendered judgment in favor of' Frederic L. Watts in the sum of $202.11; in favor of Patricia Watts in the sum of $3,000; in favor of Charles Flowers in the sum of $184.98; and in favor of Mrs. Artie T. Flowers in the sum of $750; all with legal interest from judicial demand until paid and for all costs, against the said three defendants in solido. The defendants have appealed.
■In the appeals the defendants renew their contention . that the accident was caused solely by the negligence of Mrs. Artie T. Flowers in parking the Flowers automobile on the west side of the highway, facing oncoming traffic. There is no question that she did park the Flowers automobile on the west side of the highway facing on-coming traffic but that in itself does not constitute negligence. There is some dispute as to whether or not the Flowers automobile was parked entirely on the west shoulder or partly on the shoulder and partly on the paved slab. It is shown that the paved slab at the point of impact is 18 feét wide with dirt and gravel shoulders on each side and that at the time of the collision the weather was clear and visibility good. It is further shown that the road was wet, due to rain about an hour before, and naturally the concrete was slippery. The preponderance of the evidence is to the effect that the Flowers car. was parked with the right wheels off of the pavement about 4 to 6 inches. The only evidence to the contrary is the testimony of Robert McCullom, the driver of the on-coming Woods automobile; that prior to the accident the Flowers automobile was parked partly (about one foot) on the pavement.
In corroboration of this testimony of defendant McCullom, the defense contend that other testimony is to the effect that the shoulder was only 5 feet wide on the west side of the highway and that consequently it was not wide enough for Mrs. Flowers to have parked completely on the shoulder and to have alighted or entered on the left side or driving side of her car. That contention of the defense is based on the testimony of the investigating traffic officer to the effect that the shoulder is “approximately five (5) feet wide.” We have no actual measurement of the shoulder in the record, but we do have other testimony to the effect that the shoulder is 8 feet wide, particularly the testimony of witness Saltzman, who operates a place of business and lives at the scene of the accident. Mr. Saltzman testified that Mrs. Flowers stopped at the scene in order to see him with reference to a boat belonging to her and in his charge and which she had in the canal west of the highway; that Mrs. Flowers parked her car completely off of the pavement and then alighted from the driver’s seat and walked to the rear to have a talk with him. It may be noted that Mrs. Flowers and Mrs. Watts both testified that they parked on the left of the highway which adjoins the canal, for the purpose of seeing Mrs. Flowers’ boat and for the further purpose of permitting Mrs. Watts to secure water hyacinths from the canal. It appears that the parking space on the east side of the highway, that is on the right of the Flowers automobile headed north, was much wider and safer on which to park; but it does not appear that the left or west shoulder was unsuited for proper parking. That latter fact is confirmed by the fact that after being struck by the on-coming Woods automobile and pushed some 7 or 8 feet, the Flowers automobile remained on the shoulder. It seems reasonable to say that if the Flowers automobile had been on the paved slab the backward momentum thereof would have been sufficient to have pushed it off of the shoulder completely and into the slope going into the canal, and especially if the said shoulder was only 5 feet in width.
It is our conclusion from the evidence that the Flowers automobile was properly parked and that consequently there was no negligence on the part of the plaintiffs. However, even admitting that the Flowers automobile was parked partly on the pavement, it is our opinion that the negligence on the part of the driver and occupant of the parked automobile *499 would have been entirely passive and would not constitute a proximate. cause of the accident. McCullom, the driver of the oncoming automobile had a clear view of the parked automobile, and of the highway for a quarter of a mile beyond the parked automobile, and had ample time within which to get his automobile under full control before meeting the on-coming transport truck. By his own testimony, it appears clear to us that he took a chance on meeting the transport truck when only '50 feet from the parked automobile. He frankly admits that he at that time tried to apply his brakes but that due to the roadway being wet his car skidded unto the parked automobile. He had "full knowledge of the wet condition of the highway and it was incumbent upon him to have used precautions accordingly, and his failure to do so was gross negligence on his part, and the sole proximate cause of the accident.
It is admitted that McCullom was driving the automobile belonging to defendant Woods, and insured by defendant Zurich General Accident and .Liability Insurance Company, and consequently all three defendants are liable in solido to the plaintiffs for the damages sustained by them in the collision, the liability of the insurer being limited by the terms of the policy, which limits are above the amounts awarded herein.
While we do npt find any error in the judgment appealed from on the question of liability, we do feel that the quantum of ■damages awarded by the lower court is out of line with the proof and with the jurisprudence of this State.
The Lower Court awarded the plaintiff Frederic L. Watts the sum of $202.11. There is substantial proof that Mr. Watts expended for medical and hospital expenses of Mrs. Watts the sum of $168.30. The defendants complain that of that amount $5 is represented- by a canceled check to a drug store which the plaintiff states was drugs for his wife’s injuries and that such proof is insufficient. In view of the small amount involved, like the trial judge, we will accept the word of plaintiff that it was for medicine for his wife. The other item of damage, loss of income of Mrs. Watts as a result of her injuries, is unsupported by proper proof, however, we feel that he has amply proven an outlay of more than $28.81 as travelling expenses incurred by him in going to and fom New Orleans, making a total award of $202.11 granted him by the lower court.
■ The award to Mrs. Watts was in the sum of $3,000 for her alleged personal injuries. At the time. of the accident it was clearly . shown by the evidence that Mrs. Watts complained of no pain and no bruises. In fact, she herself admits that she did not consult, any doctor until the next afternoon following the accident. At that time she saw Dr. Andres who testified that he found no objective symptoms of any injury although she complained of low back pain. He states that he found no discoloration or swelling in Mrs. Watts’ back and failed to find any tenderness from palpation of the back; that x-rays failed to reveal any injury to the bones and that his final conclusion was that she suffered no strain of the back. ’ ' '
Dr. James Lenoir testified that he .first saw Mrs. Watts on May Í8,1949, practically one month after the accident, an.d at that time she gave him a history of the accident and of suffering low back pain. He states that his diagnosis was that she -was suffering from a post-traumatic myofascial syndrome which ’he states in - layman’s language is: “the tearing'of - the muscle or muscle covering with -subsequent' inflammation.” ' He further testified that x-ray examination revealed no bone injury and that, therefore, the low'back pain of which Mrs. Watts complained was caused solely by the muscle brtlise. From his testimony it appears that he hospitalized her the day of his original examination on May 18,' 1949 and that she was discharged May 24, 1949. He does not state that she was cured at that time because he says: “This type of problem is notorious for remission months or even years after the actual examination.” Dr. Lenoir who is a well trained orthopedic surgeon with experience of only a few years at the time' of trial, bases his diagnosis and conclusion almost entirely on the subjective symptoms given him by Mrs. Watts, and it seems from the. actual find *500 ings difficult to see how she could have suffered any very serious bruises of the lower back which would recur possibly for months or years in the future.
Mrs. Watts was also examined by Dr. George Berkett, an orthopedic surgeon of long experience, on October 5, 1950, which examination was, of course, remote from the date of the accident of April 20, 1949. He found no objective symptoms of injury at that time and expressed the opinion that the type of accident sustained by Mrs. Watts would hardly cause a post-traumatic myofascial syndrome and- that had she suffered such an injury that the maximum period of disability should not be greater than twelve weeks and that ordinarily such an injury would be cured in one month.
There was an injection in the case of possible female trouble on the part of Mrs. Watts and she was examined by Dr. Robert C. Ball, a gynecologist, from the standpoint of female trouble, but from his testimony, as well as from the other medical testimony, it is not shown that any female condition which she had was in any manner caused or aggravated by the acci-' dent.
From a thorough review of the testimony, and especially the medical testimony, we fail to find that plaintiff Mrs. Watts suffered any serious or permanent injury. Undoubtedly her experience crer ated a certain amount of shock not very great since it was not manifested until the day after the accident, and even from the testimony of Dr. Lenoir it does not appear that the bruise of her back was of any serious nature. True, this doctor feels that possibly she will have a recurrence of pain of her back but he does admit that her symptoms are purely subjective and that she is by nature a nervous person. In view of the lack of showing of any serious injury with any residuary disability, we feel that the award in the lower court of $3,000 is excessive and that an award of $1,000 in lieu thereof would be in line with the proof and with the jurisprudence.
With reference to the award to plaintiff Charles Flowers, in the sum of $184.98, we find that the damage to the Flowers car was admittedly in the amount of $118.98. We further find that there is sufficient proof that he paid Dr. Cali the sum of $66 fo'r medical attention to his wife for alleged injuries. All other items, such as alleged loss of wages, are not sufficiently proved. The award to Mr. Flowers in the sum of $184.98 appears to be correct.
The award in the lower court to Mrs. Flowers was in the sum of $750. This award is obviously based on the testimony of Dr. S. J. Cali who stated that he examined Mrs. Flowers, on April 21, 1949, the day afte.r the accident and that she complained of back pain and had a slight bruise on' her right elbow; that she was sick at her stomach, very nervous and complained of having an awful night trying to sleep and this followed the automobile accident she' had the previous day. He testified that the pain was across the lower back and' that she had much tenderness there and had spasmodic muscles on that side which he diagnosed as a strained lumbar condition and states that she apparently suffered shock. He testifies further that x-rays of her back were negative as to any bone injury. He prescribed seda-tions and heat treatments to her back and states that He saw her in his office from April 21, to June 13, 1949 approximately 15 or 16 times. He states that his last treatment of Mrs. Flowers was on about June 13, 1949 arid that he considered her then fully recovered from her injury.
Like Mrs. Watts, it does not appear that Mrs. Flowers sustained any great shock at the time of the accident and moreover, her injuries consisted of obviously very minor bruises. It is true that she did see the doctor for 15 or 16 times but her treatment appears to have been very routine and obviously because she, too, is a nervous person. There is no showing that she had had anything but minor injuries and from her own doctor’s testimony she had entirely recovered a short time after the accident. We feel that an award in her case of $250 would be ample.
For these reasons we have concluded that the award to Mr. Charles Flowers in the *501 sum of $184.98 should remain undisturbed and that the award in favor of plaintiff Mrs. Flowers, be reduced from the sum of $750 to the sum of $250; that the award in favor of plaintiff Frederic Watts in the sum ’of $202.11 remains undisturbed, and that the award in favor of plaintiff Mrs. Watts be reduced from the sum of $3,000 to the sum of $1,000 and that, as thus amended, the judgments are affirmed.